UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

WANDA FAY OVERTON,

                Plaintiff,          Civil Action No.: 15-11750
                                        Honorable Victoria A. Roberts
v.                                  Magistrate Judge Elizabeth A. Stafford

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

## I.   INTRODUCTION

Plaintiff Wanda Fay Overton brings this action pursuant to 42 U.S.C.
§ 405(g), seeking judicial review of a final decision of the Commissioner of
the Social Security Administration denying her claim for benefits. Having
failed to file her motion for summary judgment despite two orders from the
Court requiring its filing, and having offered no excuse as to her failure to
file such a motion, the Court now **RECOMMENDS** that Overton's complaint
be **DISMISSED WITH PREJUDICE** for failure to prosecute and for lack of
merit.

## II.   BACKGROUND

On August 10, 2015, the court directed Overton to file her motion for

summary judgment by September 9, 2015.  [R. 12].  On September 16, 2015, after Overton failed to file her motion, the Court issued an Order to Show Cause instructing her to inform the Court by September 30, 2015 why it should not recommend dismissal of her complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and adhere to a Court order.  [R. 13].  To date, Overton, who is proceeding *pro se*, has not responded or filed her summary judgment motion.  Notably, neither of the Court's Orders has been returned as undeliverable, permitting an inference that she received them.  For this reason, and because the decision of the Administrative Law Judge (ALJ) was procedurally sound and supported by substantial evidence, Overton's complaint should be dismissed.

## III.   ANALYSIS

### A. Failure to Prosecute

A court's discretion to *sua sponte* dismiss an action for failure to prosecute derives from its inherent authority and Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962).  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  Nonetheless, a court should proceed with

appropriate caution.  "The dismissal of a claim for failure to prosecute is a

harsh sanction which the court should order only in extreme situations

showing a clear record of contumacious conduct by the plaintiff." *Wu v.*

*T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation and internal

quotation marks omitted).

Four factors guide the determination of whether a case should be

dismissed for failure to prosecute pursuant to Rule 41(b):  "(1) whether the

party's failure is due to willfulness, bad faith, or fault; (2) whether the

adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to

dismissal; and (4) whether less drastic sanctions were imposed or

considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

The Court finds that the analysis of these factors weighs in favor of

dismissal.  First, Overton is at fault, as she has failed to timely file her

motion for summary judgment and has not responded to the order for show

cause, despite being warned that failure to file her motion might result in

dismissal of her case with prejudice for failure to prosecute.

With regard to the second factor, the delay of the litigation caused by

Overton's failure to prosecute has not caused the Commissioner any

discernable prejudice.  However, the third factor, relating to whether

3

Overton was clearly warned of the potential for dismissal, weighs heavily in favor of dismissal.  Likewise, the fourth factor, which requires the Court to consider less drastic sanctions, weighs in favor of dismissal because Overton has become completely absent from the proceedings.  Under these circumstances, "dismissal is the only appropriate remedy" because Overton "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3, 2013 WL 2051326 (E.D. Mich. May 14, 2013).

Rule 41(b) states that a dismissal under that subdivision "operates as an adjudication upon the merits," so dismissal should be with prejudice. Alternatively, Overton's complaint should be dismissed on the merits because the ALJ's did not commit reversible error.

### B. Merits of Complaint

The Court recognizes that there is some debate regarding the propriety of dismissing *pro se* social security complaints for want of prosecution.  In *Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 U.S. Dist. LEXIS 136402, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision

4

except file a timely complaint." Other courts have held that dismissal of Social Security complaints pursuant to Rule 41(b) is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, No. 11-14926, 2012 U.S. Dist. LEXIS 185107, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)). Given this debate, the Court alternatively recommends dismissal because the ALJ's decision is procedurally sound and supported by substantial evidence of record.

Overton's complaint alleges that the ALJ erred in finding her not disabled because her doctors had stated that she could not work and because she suffers from a host of ailments. [R. 1]. The Court has reviewed the medical opinions of record, and the ALJ's consideration of them, and finds no error.

### i. *Treating Physician Rule*

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723, 727-29 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d

5

234, 242-43 (6th Cir. 2007).  "Even when not controlling, however, the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion.  *Gentry*, 741 F.3d at 723.  In all cases, a treating physician's opinion is entitled to great deference.  *Id.*  Courts will not hesitate to remand when the ALJ failed to articulate "good reasons" for not fully crediting the treating physician's opinion.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

In this case, the ALJ articulated good reasons for giving less than full weight to treating primary care provider Dr. Jeremiah Lopez's opinions.  Dr. Lopez opined in December 2012 that Overton could do no work until she completed cardiac rehabilitation.  [R. 11-9, Tr. 701].  In April 2013, he provided a medical source statement indicating that Overton could work no hours per day due to chest pain, shortness of breath and decreased exercise tolerance associated with her diagnoses of coronary artery disease, hypertension and atrial fibrillation.  [R. 11-9, Tr. 884-85].  The ALJ extensively addressed these opinions in her decision.  [R. 11-2, Tr. 36-39].  She noted that Dr. Lopez did not treat Overton between the December 2012 and April 2013 opinions.  [R. 11-2, Tr. 38; R. 11-9, Tr. 694-701, 884-

6

85].  Additionally, the ALJ cited Dr. Lopez's description of Overton as being "currently asymptomatic" in April 2013; detailed treatment notes from that visit and the December 2012 visit that did not substantiate disabling symptoms; and specifically noted the lack of a diagnosis or treatment for Dr. Lopez's indications that Overton could never use her hands for manipulation.  [R. 11-2, Tr. 36-39; R. 11-9, Tr. 694-701].  The ALJ further cited the treatment notes from Joseph Arcidi, M.D., who found in May 2012 that Overton had improved since her January 2012 coronary bypass surgery, that her arthritis was "now her major issue," and that he felt comfortable discontinuing cardiac follow-up.  [R. 11-2, Tr. 37; R. 11-7, Tr. 597-98].  The ALJ's analysis complied with her procedural obligations for considering Dr. Lopez's opinions and giving them appropriate weight. *Gentry*, 741 F.3d at 723.

Additionally, although the ALJ gave Dr. Lopez's opinion less than full weight, she showed sufficient deference by incorporating into the residual functional capacity (RFC) Dr. Lopez's limitations on lifting, postural movements and overhead reaching, and a requirement that Overton be allowed to alternate between sitting and standing.  [R. 11-2, Tr. 30-31, 39; R. 11-9, Tr. 884-85].

7

### ii.   Substantial Evidence

The ALJ's decision is otherwise supported by substantial evidence in the record.  Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations and internal quotation marks omitted).

In addition to challenging the ALJ's rejection of her treating physician's opinion, Overton's complaint cites her shoulder, knee and back problems, her atrial fibrillation and the need for a pacemaker as supporting her disability claim.  The Court does not see any record evidence to support her claim that she needs a pacemaker, and the reasoning supporting the ALJ's finding that Overton's heart ailments were not completely disabling is described in the preceding section.  The ALJ acknowledged and considered Overton's degenerative joint disease in her shoulders and knees, as well as her back pain, but she also described

8

evidence in the record showing that Overton tended to have minimal gait limitations, normal strength and normal ranges of motion, and found that none of her conditions resulted in a twelve month continuous period in which Overton could not perform work consistent with the RFC.  [R. 11-2, Tr. 32-39; R. 11-7, Tr. 597-98; R. 11-8, Tr. 631-36; R. 11-9, Tr. 700, 708-18, 751-57, 767-70].

For all of these reasons, the ALJ's decision was supported by substantial evidence in the record.

## V.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** dismissing Overton's complaint **WITH PREJUDICE** for failure to prosecute or, alternatively, on the merits of her complaint.

Dated: November 5, 2015              s/Elizabeth A. Stafford
Detroit, Michigan                    ELIZABETH A. STAFFORD
                                     United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

10

System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on November 5, 2015.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager